THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:13-cr-00043-MR-DLH

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | O R D E R |
| | ) | |
| (4) ALBERT TOMES; | ) | |
| (5) TINA TOMES; and | ) | |
| (6) KEVIN VICKERS, | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on the Motion to Suppress filed by Defendant Tina Tomes and adopted by Defendants Albert Tomes and Kevin Vickers [Doc. 59]; the Magistrate Judge's Memorandum and Recommendation regarding that motion [Doc. 124]; and Defendant Tina Tomes's Objections to the Memorandum and Recommendation [Doc. 127].

I. **PROCEDURAL HISTORY**

On June 19, 2013, the above-referenced Defendants were charged along with others in a 12-count Bill of Indictment with, *inter alia*, conspiracy to distribute and possess with intent to distribute a quantity of a mixture and

substance containing a detectable amount of "synthetic cathinones" or a-PVP, a Schedule I controlled substance analogue, knowing that the substance was intended for human consumption, in violation of 21 U.S.C. §§ 846 and 841(a)(1). [Doc. 3]. A Superseding Bill of Indictment was filed on December 19, 2013, adding additional charges against these Defendants. [Doc. 106]. The Defendants are currently scheduled for trial during the March 3, 2014 trial term.

On August 7, 2013, Defendant Tina Tomes filed a motion to suppress all evidence obtained through searches of her business, residence, and shed. [Doc. 59]. After receiving an extension of time to do so, the Government filed its Response in opposition to the Motion on September 9, 2013. [Doc. 86]. Defendants Albert Tomes and Kevin Vickers moved to join in the suppression motion [Docs. 83, 85], which the Court allowed [Docs. 89, 90].

On December 5, 2013, the Honorable David C. Keesler, United States Magistrate Judge, conducted an evidentiary hearing on the motion to suppress. On January 10, 2014, the Magistrate Judge issued a Memorandum and Recommendation, recommending that the motion to suppress be denied. [Doc. 124]. Defendant Tina Tomes timely filed

Objections to the Memorandum and Recommendation on January 26, 2014. [Doc. 127].

This matter is now ripe for review.

## II. STANDARD OF REVIEW

A district court may refer a motion to suppress to a magistrate judge for a recommendation pursuant to Rule 59(b)(1) of the Federal Rules of Criminal Procedure. The Court must consider any objection to the magistrate judge's recommendation de novo. Fed. R. Crim. P. 59(b)(3).

In order "to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007). The Court need not conduct a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

## III. FACTUAL BACKGROUND

The Defendants make no objection to the factual background as recited by the Magistrate Judge in the Memorandum and Recommendation. Upon careful examination of the record, the Court finds

that the Magistrate Judge's findings of fact as set forth in pages 6 through 10 of the Memorandum and Recommendation are correct and deserving of adoption by this Court. These findings are therefore adopted and incorporated herein.

## IV. DISCUSSION

In her first objection to the Memorandum and Recommendation, Defendant Tina Tomes contends that the Magistrate Judge erred in concluding that the information presented in the warrant applications provided probable cause to believe that a-PVP "is, in fact, contraband or evidence of a criminal offense." [Id.].[1]

Having reviewed the search warrant applications, the Court agrees with the Magistrate Judge that the officers presented sufficient information for the Magistrate Judge to conclude that there was probable cause to believe that a search of the Defendant's business, residence, and shed would result in the discovery of a controlled substance analogue, specifically, a-PVP. To the extent that the Defendant questions whether the item searched for was "in fact" a controlled substance analogue is an issue more properly addressed at trial, where the Government will have the burden of proving beyond a reasonable doubt that the substance at issue is

---

[1] The Defendant concedes, for the purpose of this motion only, that a-PVP was sold in her store. [See Doc. 127 at 2].

a controlled substance analogue as charged in the Indictment. The Defendant's first objection is therefore overruled.

In her second objection, the Defendant argues that even if this Court were to find that the agent supplied sufficient probable cause to believe that distributing a-PVP is a violation of the Controlled Substances Act, the application still provided insufficient probable cause to search the Defendant's home and shed. In making this objection, the Defendant simply restates her argument as set forth in her original motion to suppress.

The Defendant's conclusory objection does not warrant a *de novo* review of the Magistrate Judge's reasoning. See Aldrich v. Bock, 327 F.Supp.2d 743, 747 (E.D. Mich. 2004) ("A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."). Having reviewed the Magistrate Judge's proposed findings and conclusions, the Court concurs with the Magistrate Judge's conclusion that the search of the Defendant's residence and shed was supported by probable cause. The Defendant's second objection is also overruled.

## VI. CONCLUSION

For the reasons stated herein, the Court concludes that the Magistrate Judge's findings of fact are correct and that his conclusions of law are consistent with current law. Accordingly, the Court overrules the Defendant's Objections to the Memorandum and Recommendation and hereby accepts the Magistrate Judge's recommendation that the motion to suppress be denied.

## O R D E R

**IT IS, THEREFORE, ORDERED** that Defendant Tina Tomes's Objections to the Memorandum and Recommendation [Doc. 127] are **OVERRULED**; the Magistrate Judge's Memorandum and Recommendation [Doc. 124] is **ACCEPTED**; and the Motion to Suppress [Doc. 59] is **DENIED**.

**IT IS SO ORDERED.**

Signed: February 10, 2014

Martin Reidinger
United States District Judge